IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. SOPHIA JONES-REDMOND | ) | Judge |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | |
| THORNTON FRACTIONAL | ) | |
| TOWNSHIP H.S. DIST. 215, | ) | JURY TRIAL DEMANDED |
| RICHARD DUST, in his individual | ) | |
| capacity, PATRICIA STEPP, in her | ) | |
| individual capacity, ANDREA BALLARD, | ) | |
| in her individual capacity, DOMINIQUE | ) | |
| NEWMAN, in her individual capacity, | ) | |
| JACQUELINE TERRAZAS, in her | ) | |
| individual capacity, MARCIE WILSON, | ) | |
| in her individual capacity | | |

**Defendants.**

## COMPLAINT

**NOW COMES** Dr. Sophia Jones-Redmond ("Plaintiff") through her counsel, Jerome M. Davis, Esq., to file this action against Thornton Fractional Township H.S. Dist. 215, Richard Dust, in his individual capacity, Patricia Stepp, in her individual capacity, Andrea Ballard, in her individual capacity, Dominique Newman, in her individual capacity, Jacqueline Terrazas, in her individual capacity, and Marcie Wilson, in her individual capacity (collectively "Defendants"), and respectfully states and alleges the following in support hereof:

### Nature of the Case

1. This is an action for tortious interference with a contractual relation and violation of Plaintiff's due process rights, pursuant to Illinois law and 42 U.S.C. § 1983, respectively. Defendant Richard Dust intentionally, unjustifiably, and wantonly induced Thornton Fractional Township H.S. Dist. 215 ("District") to terminate Plaintiff's superintendent's employment

contract (Count I), and he and Defendants Stepp, Ballard, Newman, Terrazas, and Wilson voted to terminate her property interest in the contract without affording her the procedural protections required by the 14th Amendment to the Constitution (Count II).

## Jurisdiction and Venue

2.  Plaintiff's tortious interference with a contractual relation claim arises under Illinois law, and her due process claim arises under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1331, respectively.

3.  All of events giving rise to this action occurred in this District. Therefore, venue lies here pursuant to 28 U.S.C. § 1391(b)(2).

## The Parties

4.  Plaintiff was employed as the superintendent of the District under an employment agreement that ran from July 1, 2021 thru June 30, 2026.

5.  Defendant Thornton Fractional Township H.S. Dist. 215 is a municipality organized under the laws of the State of Illinois. It may sue or be sued through the Board of Education (the "Board"), which is the sole policymaking body responsible for administering its four public high schools located in Calumet City, Illinois, and Lansing, Illinois.

6.  Defendant Richard Dust is the current president of the Board and was a member of the Board at all times relevant to this action.

7.  Defendant Patricia Stepp is the current vice-president of the Board and was a member of the Board at all times relevant to this action.

8.  Defendant Andrea Ballard is the secretary of the Board and was a member of the Board at all times relevant to this action.

2

9. Defendant Dominique Newman is and was a Board member at all times relevant to this action.

10. Defendant Jacqueline Terrazas is and was a Board member at all times relevant to this action.

11. Defendant Marcie Wilson is and was a Board member at all times relevant to this action.

**Statement of Facts**

12. Plaintiff has been an educator for twenty-three years. She was hired by the District under an employment contract on April 28, 2020 that ran from July 1, 2020 to June 30, 2023.

13. Due to Plaintiff's success at meeting the academic achievement goals set by the Board, she was rewarded with an extension of that contract on April 14, 2021.

14. On April 14, 2021, Plaintiff's contract was extended from July 1, 2021, thru June 30, 2026 ("Contract").

15. The Contract stated that Plaintiff was responsible for the administration of the District.

16. The Contract further stated that Plaintiff could only be terminated for cause, and she would be entitled to written notice of any cause for termination and a hearing before the Board to address the charges against her.

17. In April 2023, the Board conducted its annual performance evaluation. Plaintiff was rated as exemplary in all evaluated categories.

18. Also in April 2023, Defendants Stepp, Newman, and Terrazas were elected to the Board to replace three members that participated in Plaintiff's performance evaluation.

## Count I
## Tortious Interference with Contract
(Richard Dust)

19. Defendant Dust, pursuant to Illinois statutory law, swore an oath when he joined the Board that he had no power except when he was voting at a duly noticed meeting of the Board.

20. Defendant Dust was required to undergo training regarding the principles of good governance expected of school boards created by the State of Illinois. One of the primary principles is that a board member is not allowed to interfere in the day-to-day management of the schools in their districts.

21. Under the express terms of the Contract, Illinois law, and District policy, Plaintiff had sole responsibility for administering the day-to-day operations of all aspects of the District's schools, with the Board being responsible for setting District policy and supervising Plaintiff.

22. On May 25, 2023, Plaintiff was summoned into closed session at the Board's regular scheduled meeting.

23. Dust said that he had met with unnamed administrators who had complained in writing that Plaintiff was verbally abusive to them.

24. Plaintiff was not given an opportunity to review the complaints, nor had she received any notice that complaints had been made prior to the meeting.

25. Plaintiff vehemently denied the allegations and stated that she had admonished an administrator because he made threats to parents.

26. She also admonished an administrator for sending communications to parents riddled with grammatical errors.

27. Dust ignored Plaintiff's denials and warned that she could face termination if she acted in such an unprofessional manner in the future.

28. The following day, Plaintiff sent a letter to Dust, which he forwarded to the Board, stating that she intended to retire before 2026, because she felt the Board had violated her trust by failing to give her any notice of the allegations and accusing her of unprofessional behavior without giving her an opportunity to address the matter before taking disciplinary action.

29. Plaintiff stated in the letter that she was not resigning and would, instead, work with the Board to develop a suitable transition plan to assure the District's operations would not be disrupted.

30. Plaintiff reported for work the following day on May 26, though she left early due to the stress caused by the Board's actions.

31. She also informed the District's counsel and Defendant Stepp that she was not resigning when they contacted her that same day and asked if she was resigning.

32. Following that conversation, Stepp sent an email to the District's employees informing them that Plaintiff was not resigning.

33. However, on Sunday May 28, 2023, Dust, acting in concert with other individual Defendants that are presently unknown, instructed the District's counsel to inform Plaintiff that she was not to communicate with any District staff or come to any District facility until further notice.

34. This action to, effectively, terminate Plaintiff's employment was taken without formal Board approval.

35. Plaintiff's attorney contacted the District's counsel on May 30, 2023, and informed him that Plaintiff intended to honor her full contract.

36. Despite this fact, Plaintiff was locked out of the District's email system, and notified that her salary was terminated as of May 25, 2023.

37. On May 30, 2023, Dust's decision to terminate Plaintiff was ratified by the Board when the Defendants voted to replace Plaintiff.

38. On May 31, 2023, Dust sent a letter to District employees falsely stating that Plaintiff had resigned her position at the May 25, 2023, Board meeting. He also caused the District's public relations officer to tell a local newspaper that Plaintiff resigned, effective immediately, at the May 25 meeting.

39. Dust has caused Plaintiff to lose over $700,000 in salary and benefits because of his actions.

40. Dust has caused Plaintiff to suffer severe emotional and physical harm because of his wanton, unjustified conduct.

**Count II**
**42 U.S.C. § 1983-Fourteenth Amendment**
**(Thornton Township H.S. Dist. 215-All Individual Defendants)**

41. Plaintiff incorporates and adopts the allegations contained in paragraphs 1-18 as though expressly stated herein.

42. The position of Superintendent is created by the Illinois School Code, and the duties and privileges of the position are enumerated therein, including responsibility for the administration of schools.

43. Plaintiff was employed under a Contract that was extended from July 1, 2021 to June 30, 2026. Under the Contract, Illinois law, and the District's own policy, Plaintiff, as superintendent, was responsible for the administration and management of the District.

44. On May 30, 2023, Defendants voted to replace Plaintiff with an interim superintendent. The reason given was that Plaintiff had resigned at the May 25, 2023, meeting.

45. Defendants knew that Plaintiff did not resign and simply used the false resignation claim as a pretext to end her contract and choose another superintendent.

46. In fact, Stepp issued an email to the District's employees on May 26, 2023, assuring them that Plaintiff had not resigned.

47. Plaintiff lost over $700,000 in wages and benefits when Defendants voted to terminate her.

48. Defendants humiliated Plaintiff and impaired her ability to obtain future employment as a superintendent when they falsely, publicly stated she abruptly resigned her position.

49. Defendants did not give Plaintiff notice or an opportunity for a hearing before terminating her position.

50. However, on June 15, 2023, Dust sent her a letter offering an opportunity to appear before the Board at its June 21, 2023, meeting to address the dispute regarding whether Plaintiff resigned at the May 25th meeting. Plaintiff declined the invitation.

51. Based on the foregoing, Plaintiff has suffered loss of sleep, anxiety, extreme stress, and the loss of the ability to enjoy her spousal and familial relationships.

52. Defendants have acted willfully, maliciously and with reckless disregard for Plaintiff's constitutionally protected rights.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff prays that this Court:

Count I:

A. Awards pecuniary damages for the loss of the benefits of the Contract;

B. Damages to be determined at trial for the harm to Plaintiff's reputation;

C. Compensatory damages to be determined at trial plus statutory pre-judgment interest for Defendants tortious conduct, including for emotional distress and pain and suffering; and

D. Punitive damages to be determined at trial against Defendant Dust for his wanton conduct.

E. Awards reasonable attorney's fees, costs and expenses.

Count II:

F. Declares that Defendants' conduct enumerated herein is illegal and unconstitutional;

G. Awards compensatory damages plus interest from Defendants in an amount to be determined at trial plus statutory pre-judgment interest thereon against the Board;

H. Awards punitive damages against Dust, Stepp, Ballard, Newman, Terrazas, and Wilson plus prejudgment interest to be determined at trial for their wanton disregard for Plaintiff's constitutional rights;

I. Awards reasonable attorney's fees, costs and expenses pursuant to 42 U.S.C. § 1988; and

J. Awards such other relief as the Court deems just.

**Jury Demand**

Plaintiff demands a jury trial to hear this case.


Date July 31, 2023                                    Respectfully submitted,


                                                      By: /s/ Jerome M. Davis, Esq.
                                                          Jerome M. Davis, Esq.
                                                          Attorney for Dr. Sophia Jones-Redmond


Jerome M. Davis, Esq. (ARDC#6273828)
9024 McIntosh Court
Lakewood, Illinois 60014
847-606-6685
jeromed483@gmail.com